[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO REOPEN JUDGMENT AFTER DEFAULT
Before the court is a motion to reopen judgment after default made more than four months after the entry of judgment.
The plaintiff filed and served his complaint upon the defendants in August, 1992. The defendants failed to respond. Consequently, in September 1992, the plaintiff was granted a motion for default for failure to appear. The court (Curran, J.) later entered judgment for the plaintiff against the defendants with a damage award of $200,000 on November 24, 1992.
On June 9, 1993, the defendants filed a motion to open the default judgment, pursuant to practice Book, Sec. 377. The defendants claim that they never received notice of the suit, including the writ, summons and complaint. Relying on General Statutes, Sec. 52-212, the defendants want open to and vacate the judgment.
The issue before the court is whether the court should reopen the judgment rendered after default when four months have already elapsed after that judgment was rendered. CT Page 9484
A Superior Court may set aside or reopen a default judgment pursuant to General Statutes, Sec. 52-212 and Sec.52-212(a), and Practice Book, Sec. 326.
General Statutes, Sec. 52-212 provides in relevant part:
 (a) Any judgment rendered upon a default or nonsuit in the superior court may be set aside, within four months following the date on which it was rendered . . . upon the complaint or written motion of any party . . . showing reasonable cause, or that a good . . . defense existed at the time of the rendition of the judgment . . . and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.
General Statutes, Sec. 52-212(a); see, Cohen, No. 243719, 2752-3.
Section 52-212(a) of the General Statutes states in pertinent part:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment . . rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed.
General Statutes, Sec. 52-212a; see, Marks, No. 281957, 2933.
Similarly, section 326 of the Practice Book states:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months suceeding [succeeding] the date on which it was rendered or passed. The parties may waive the provisions of this paragraph or otherwise submit to the jurisdiction of the court. CT Page 9485
Practice Book, Sec. 326.
When a court renders a judgment, it should be regarded final and "left undisturbed except for a good and compelling reason." (Citations omitted.) Marks, 2934. Practice Book, Sec. 326 and General Statutes, Sec. 52-212(a) provided superior courts with the discretion "to determine whether there is a good cause and compelling reason for its modification or vacation." (Citations omitted.) I.D., at 2934; citing Hirtle v. Hirtle, 217 Conn. 394, 398 (1991).
The statutory rule that judgment may be opened under section 52-212 within four months of the date of judgment presumes that the defendants against whom such a judgment was rendered had timely notice of the entry of the judgment. Noethe v. Noethe, 18 Conn. App. 589.
The court finds the defendants never received actual notice. They had left on an extended trip to Poland at the time the original abode service of process was made. The court further finds that the defendants, who speak and understand English poorly, did not have notice of entry of any judgment against them until they received a May 27, 1993 letter from the plaintiff's attorney.
Negotiations between the plaintiffs and an insurance carrier for the defendants had proceeded until some time before the issuance of the writ. Therefore, both plaintiff and the defendants knew the defendants had insurance which would provide a defense for and be obligated to indemnify the defendants. The case arises out of an injury which occurred around the defendants' swimming pool. The defendants' defense is that the injury occurred when the plaintiff's wife pushed him and caused him to fall. If proved, this would be a good defense.
Despite the fact that there had been negotiations between the plaintiff and the defendants' insurance carrier, prior to issuance of the writ, not until May 27, 1993, six months after the judgment, did the plaintiff notify the defendants and their insurance carrier of the entry of this judgment.
Under all these circumstances, the court is strongly of the opinion that to let the judgment stand would do an injustice. Accordingly, pursuant to the power invested in CT Page 9486 this court by the General Statutes, the judgment is reopened and a new trial is ordered.
Flynn, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 9489